AMERICAN MAIL LINE, LTD. *v.* UNITED STATES (No. 3952)[1]

[1] T. D. 48377.

United States Court of Customs and Patent Appeals, June 1, 1936

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for appellant.
*Joseph R. Jackson,* Assistant Attorney General (*Francis J. Hogan,* special attorney, of counsel), for the United States.

[Oral argument April 6, 1936, by Mr. Tuttle and Mr. Jackson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division. Appellant filed a protest against the action of the Collector of Customs at the port of Seattle in assessing duty at 50 per centum ad valorem, under section 466 of the Tariff Act of 1930, upon the expenses of certain painting done to the S. S. *President Jefferson,* operated and controlled by appellant. The painting was done while the ship was in the port of Shanghai, China. The paint itself was purchased in Seattle. The labor was performed by a contractor in Shanghai. The painting was done in part upon the exterior and in part upon the interior of the ship.

Said section 466, under which said duty was assessed, reads as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

SEC. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; and if the owner or master of such vessel shall willfully and knowingly neglect or fail to report, make entry, and pay duties as herein required, such vessel, with her tackle, apparel, and furniture, shall be seized and forfeited. For the purposes of this section, compensation paid to members of the regular crew of such vessel in connection with the installation of any such equipments or any part thereof, or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or part thereof, or of such repairs.

    \*       \*       \*       \*       \*       \*       \*

The Customs Court overruled the protest of appellant and entered judgment accordingly; from such judgment this appeal is taken.

Three questions are presented by this appeal:

(1) Whether such painting as is here involved is "repairs" within the common meaning of that term.

(2) Whether the term "repairs", as used in said section 466, is subject to proof of commercial designation.

(3) If the answer to the second question is in the affirmative, whether the evidence in the record is sufficient to establish commercial designation of the term "repairs" excluding the painting of a ship therefrom.

The Government raises a preliminary question of the insufficiency of appellant's assignments of error to bring before us the determination of the above questions. It is our opinion that such assignments of error are sufficient to advise the court and counsel for the Government of the contention of appellant that the painting here involved is neither commonly nor commercially understood to be repairs within the meaning of that term as used in said section 466.

With respect to the first question hereinabove stated, the same question was involved in the case of *E. E. Kelly & Co.* v. *United States*, 17 C. C. P. A. (Customs) 30, T. D. 43322, wherein we held that the provision in section 466 of the Tariff Act of 1922 for "the expenses of repairs made in a foreign country" was sufficiently comprehensive to include money paid to a foreign contractor for labor in painting a ship. Appellant's counsel attempts to distinguish the painting there involved from the painting involved in the case at bar by asserting that the painting in said *Kelly* case related only to the exterior of the vessel, while in the case at bar a part of the painting was upon the interior of the vessel. We find nothing in the opinion supporting this contention, and we find from

the record in that case that both exterior and interior painting were there involved, a part of the painting being "touching up coat and painting with one coat compartment under second and fourth engineers' bath."

We hold that said *Kelly & Co.* case is *stare decisis* of the case at bar insofar as the common meaning of the term "repairs" is concerned and, following that decision, we hold that the painting here involved is within the common meaning of the term "repairs."

The next question is whether the term "repairs" as used in said section 466 is subject to proof of commercial designation.

In the case of *Kelly & Co.* v. *United States, supra,* we assumed, without directly deciding, that said term as used in section 466 of the Tariff Act of 1922 was subject to such proof. We there said:

It has been suggested by counsel for appellants that in "nautical circles" the word "repairs" is not understood to include so-called maintenance painting. This may be so. However, the trouble with the argument is that there is no legal evidence in the record to sustain it. While tariff statutes are directed to trade and commerce, nevertheless the commercial meaning of a tariff term is presumed to be the same as its common meaning. *Rice Millers' Association American Manufacturers* v. *United States and Oberle (Inc.),* 15 Ct. Cust. Appls. 355, T. D. 42560. If the word "repairs" has a restricted meaning in the trade and commerce of the United States which excludes so-called maintenance painting, it was incumbent upon appellants to prove that fact by a preponderance of the evidence. Furthermore, it is elementary that the evidence must show that such restricted trade meaning is uniform, definite, and general, and not partial, local, or personal. *La Manna, Azema & Farnan* v. *United States,* 14 Ct. Cust. Appls. 289, T. D. 41908; *Lamont, Corliss & Co. et al.* v. *United States,* 16 Ct. Cust. Appls. 488, T. D. 43224.

The question of whether said term was in fact subject to proof of commercial designation was not raised by counsel in that case, nor considered by us, and we there merely held that, assuming that the term was subject to such proof, the evidence failed to establish a commercial meaning of the term "repairs" different from its common meaning. In the case at bar this question is raised and requires determination. It is our opinion that said term "repairs" is not subject to proof of commercial designation, and that Congress intended that the term should be construed according to its common meaning.

At our request counsel for the respective parties have filed supplemental briefs upon this point. In neither of the briefs filed is any case cited where the rule of commercial designation has been applied to other than goods, wares, and merchandise the subject of purchase and sale in the markets of this country, and after diligent search we have found no case where it has been applied to a tariff term not connected with an article of commerce.

It has been frequently held that a descriptive term applied to an article of commerce named in a tariff law is subject to the rule of com-

mercial designation. *Hedden* v. *Richard*, 149 U. S. 346; *Arthur* v. *Cumming et al.*, 91 U. S. 362; *American Express Co.* v. *United States*, 10 Ct. Cust. Appls. 275, T. D. 38680.

In the case of *"Zante Currants"*, *In re Wise, Collector*, 73 Fed. 183, the court, speaking of the rule of commercial designation, said:

The word "commercial", in this connection, is to be understood in its comprehensive sense of buying, selling, and exchange in the general sales or traffic of our own markets. * * *

Obviously, repairs to a ship do not come within the designation of *articles* of commerce, or goods, wares, and merchandise, since they are not bought, sold, and exchanged in the markets of our country. However, it is unnecessary for us here to decide the question of whether only articles of commerce are the subject of proof of commercial designation because it is our view that the same reason impelling Congress to place a duty upon the replacing of worn-out machinery of a ship, in a foreign port, would impel it to place a like duty upon the painting of the ship in a foreign port, and we have no doubt that Congress used the term "repairs" in accordance with its common meaning. The legislative history respecting the section lends support to this view.

Holding, as we do, that the term "repairs" as used in said section 466 is not subject to the rule of commercial designation, it is unnecessary for us to consider the evidence in the record upon that subject.

For the reasons stated herein, the judgment of the United States Customs Court, Third Division, is *affirmed.*